JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sara Ashworth

**(b)** County of Residence of First Listed Plaintiff: Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Main Line Hospitals, Inc. and Main Line Health, Inc.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

PRISONER PETITIONS
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 2000e

Brief description of cause:
Religious Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04-21-2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 2:23-cv-01534-RBS   Document 1   Filed 04/21/23   Page 2 of 10

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

**Address of Plaintiff:** Sara Ashworth - 765 Fox Lane, Chester Springs, PA 19425.

**Address of Defendant:** Main Line Hospitals, Inc. & Main Line Health, Inc. - 130 South Bryn Mawr Ave, Bryn Mawr, PA 19010

**Place of Accident, Incident or Transaction:** Chester County, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/21/2023   *Attorney-at-Law / Pro Se Plaintiff*   203384  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Aaron B. Gorodetzer, Esquire, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 04/21/2023   *Attorney-at-Law / Pro Se Plaintiff*   203384  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sara Ashworth | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Main Line Hospitals, Inc. & | : | |
| Main Line Health, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 04-21-2023 | Aaron B. Gorodetzer, Esq. | /s/ |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff Sara Ashworth |
| 610-344-7300 | 610-441-7523 | aaron@sbarbarolaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SARA ASHWORTH, | : |
|            **Plaintiff** | : |
| vs. | : |
| | : |
| | : |
| MAIN LINE HOSPITALS, INC. | : No.: |
| And | : |
| MAIN LINE HEALTH, INC., | : |
|            **Defendants** | : JURY TRIAL DEMANDED |

## COMPLAINT

      Plaintiff, Sara Ashworth, by and through her attorneys, files this Complaint against Defendants, Main Line Hospitals, Inc., and Main Line Health, Inc., alleging that those Defendants unlawfully discriminated against her on the basis of her sincerely-held religious beliefs when they terminated her employment after denying her requests for a religious exemption to Defendants' mandatory COVID-19 employee vaccination policy. In support of those claims, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff, Sara Ashworth, is an adult individual who resides at 765 Fox Lane, Chester Springs, PA 19425.

2. Defendant, Main Line Hospitals, Inc., is, through information and belief, a not-for-profit corporation or other business entity that is in the business of operating one or more hospitals and/or other medical facilities in the Commonwealth of Pennsylvania, and which maintains its corporate nerve center at 130 South Bryn Mawr Avenue, Bryn Mawr, PA 19010.

3. At all times material and relevant to the allegations in this Complaint, Defendant, Main Line Hospitals, Inc., acted, or failed to act, by or through its duly designated officers, directors, shareholders, principals, employees, or agents.

4. Defendant, Main Line Health, Inc., is, through information and belief, a not-for-profit corporation or other business entity that is in the business of operating one or more hospitals and/or other medical facilities in the Commonwealth of Pennsylvania, and which maintains its corporate nerve center at 130 South Bryn Mawr Avenue, Bryn Mawr, PA 19010.

5. At all times material and relevant to the allegations in this Complaint, Defendant, Main Line Health, Inc., acted, or failed to act, by or through its duly designated officers, directors, shareholders, principals, employees, or agents.

6. At all times material and relevant to the allegations in this Complaint, Defendant, Main Line Hospitals, Inc., and/or Defendant, Main Line Health, Inc., owned, operated and/or managed Paoli Hospital, which is located at 255 West Lancaster Avenue, Paoli, PA 19301, where Ashworth worked.

7. Unless otherwise indicated, Defendant, Main Line Hospitals, Inc., and Defendant, Main Line Health, Inc., shall be collectively referred to in this Complaint as "the Main Line Defendants."

8. At all times material and relevant to the allegations in this Complaint, Ashworth worked as a registered nurse at PAOLI HOSPITAL as an employee of one or both of the Main Line Defendants.

## JURISDICTION

9. This Court possesses original jurisdiction over this matter under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

## VENUE

10. Venue is proper in this Court under 28 U.S.C. § 1391(b), as all the acts, occurrences, or omissions giving rise to Ashworth's claims as alleged in this Complaint occurred within this judicial district.

## ADMINISTRATIVE EXHAUSTION

11. On or about September 9, 2022, Ashworth filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which she charged the Main Line Defendants with religious discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

12. On January 25, 2023 the EEOC issued Ashworth a "Dismissal and Notice of Rights" letter.

13. Ashworth has thus fulfilled all of the administrative prerequisites to bringing her claims under Title VII in this Court.[1]

---

[1] Ashworth simultaneously dual-filed her claims against the Main Line Defendants with the Pennsylvania Human Relations Commission ("PaHRC") alleging identical violations of the Pennsylvania Human Relations Act ("PHRA"). As of the filing date of this Complaint, however, the statutorily-required one-year term during which the PaHRC must retain Ashworth' state law claims has not yet expired. 43 P.S. § 962(c)(1). Ashworth will seek to amend this Complaint to add her PaHRA claims to this matter under this Court's supplemental jurisdiction after that administrative exhaustion period has lapsed.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Ashworth incorporates by reference paragraphs one through 13, as though fully set forth at length.

15. Ashworth worked as a nurse for one or both of the Main Line Defendants for approximately 15 years.

16. Ashworth has most recently worked for the Main Line Health Defendants as a Nurse at PAOLI HOSPITAL for approximately 7 years.

17. After the global Covid-19 Pandemic began in 2020 Ashworth performed her job well, provided exceptional care to patients, and observed all the necessary Personal Protection Protocols required by the Main Line Defendants to ensure the safety of both herself, her co-workers, and her patients.

### The COVID-19 vaccine mandate policy

18. On or about July 15, 2021, the Main Line Defendants amended their Employee Health Policy and Procedure Manual to provide for a new, mandatory COVID-19 vaccination policy ("the COVID-19 vaccine mandate policy").

19. Under the COVID-19 vaccine mandate policy, all medical staff working for the Main Line Defendants had to be fully vaccinated against COVID-19 by or before October 1, 2021.

20. The Main Line Defendants offered exemptions from the COVID-19 vaccine mandate policy, however, for valid medical conditions or for sincerely-held religious beliefs.

21. Any request for a religious exemption from the COVID-19 vaccine mandate policy was evaluated by a "COVID-19 Vaccine Religious Exemption Committee," consisting of two chaplains, two physicians from the Main Line Defendants' Ethics Committee, a member of the Main Line Defendants' Diversity, Respect, Equity and Inclusion Steering Committee, two Human Resources representatives, and an employment attorney.

22. Under the COVID-19 vaccine mandate policy, the Main Line Defendants would only approve exemptions for sincerely-held beliefs that were religious in nature.

23. Under the COVID-19 vaccine mandate policy, an employee seeking a religious exemption was required to complete and submit a "Religious Exemption Form," in which he or she had to describe the sincerely-held religious belief preventing him or her from receiving the COVID-19 vaccine.

24. Under the COVID-19 vaccine mandate policy, employees seeking a religious exemption were also permitted—but not required—to submit documentation from other individuals (including leaders from an organized religion) supporting their request.

25. If an exemption to the COVID-19 vaccine mandate policy was granted, the COVID-19 vaccine mandate policy indicated that efforts would be made to reasonably accommodate that employee while maintaining a safe environment for patients, staff, and others.

26. Those reasonable accommodations included, (but were not limited to), reassignment and additional infection prevention and control measures.

27. Within the COVID-19 vaccine mandate policy, the Main Line Defendants also claimed that "there may not be a reasonable accommodation that will allow every person with [a religious] exemption to continue to work onsite while unvaccinated."

28. The Main Line Defendants did not, however, include the same (or similar) limiting language for employees who received a medical exemption from the COVID-19 vaccine mandate policy.

29. Under the COVID-19 vaccine mandate policy, any unvaccinated employee not granted a medical or religious exemption was subject to termination of employment.

### Ashworth's requests a religious exemption

30. On or about August 30, 2022, Ashworth, submitted a request for a religious exemption from Respondents' COVID-19 vaccine mandate, which included a supplemental letter, which cited, among other things, cited her sincerely-held Christian religious beliefs explaining without limitation her Christian Beliefs, the concerns she had with the Covid-19 Vaccine and how same could inhibit her ability to exercise her faith, as well as a letter from her pastor further outlining why the Covid-19 Vaccine would violate her sincierely held religious beliefs..

31. Ashworth maintained that a compulsory COVID-19 vaccination as a condition of her continued employment would serve as a betrayal of her sincerely-held religious beliefs.

32. In or about September 2022, the COVID-19 Vaccine Religious Exemption Committee denied Ashworth's Religious Exemption, stating that her request

33. In or about September 2022, Ashworth appealed the COVID-19 Vaccine Religious Exemption Committee's decision and provided an appeal letter "Appeal", which, among other things, requested an explanation as to why her Religious Exemption was denied.

34. On or about April 5, 2022, the Religious Exemption Committee denied Ashworth's Appeal, again stating that her request did, "not state a basis why [her] religious belief required [her] to decline the COVID-19 vaccination."

35. At no time did the Religious Exemption Committee provide any interactive process nor provided any detailed explanation as to why Ashworth's Religious Exemption or Appeal were denied.

36. On or about November 15, 2022, the Main Line Defendants terminated Ashworth's employment pursuant to the COVID-19 vaccine mandate policy because she did not receive the COVID-19 vaccine and had not been granted an exemption.

37. At the time of her termination, Ashworth had been employed by the Main Line Defendant's for 15 years and was earning approximately $55,498.87 annually.

## COUNT I—DISCRIMINATION (RELIGION)
### Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e, et seq.)

38. Ashworth incorporates by reference paragraphs one through 37, as though fully set forth at length.

39. At all times material and relevant to the allegations in this Complaint, Defendant, Main Line Hospitals, Inc., was an "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

40. At all times material and relevant to the allegations in this Complaint, Defendant, Main Line Health, Inc., was an "employer" as defined by Title VII, 42 U.S.C. § 2000e(b).

41. At all times material and relevant to the allegations in this Complaint, Ashworth was an "employee" of one or both of the Main Line Defendants, as defined by Title VII, 42 U.S.C. § 2000e(f).

42. Ashworth possesses a sincerely-held, Christian religious belief that her body is a temple of God and that taking the vaccine would be sacrilegious and represent a defilement of her body.

43. In denying her religious exemption, the Main Line Defendants improperly engaged in a subjective, values-based determination as to the sincerity of Ashworth's Christian, religious beliefs, and deemed those beliefs either not being religiously-based, or not being sufficiently religious to warrant an exemption from the COVID-19 vaccine mandate policy.

44. The Main Line Defendants terminated Ashworth because of her sincerely-held religious beliefs because they made a subjective determination that those beliefs were not religion (or sufficiently religious), in violation of Title VII.

45. Ashworth believes that in evaluating all the religious-exemption requests, the Main Line Defendants subjectively picked and chose which requests they deemed sufficiently religious to grant, and those they did not.

46. Ashworth believes that the religious exemption process to the COVID-19 vaccine mandate policy adopted and employed by the Main Line Defendants operated as a show piece, which paid lip service to the Defendants' legal obligations to reasonably accommodate their employees' sincerely-held religious beliefs.

47. More specifically, Ashworth believed that the Main Line Defendants intentionally created a system in which it appeared that all religious exemption requests to the COVID-19 vaccine mandate policy submitted by employees would be objectively considered, when in reality the Main Line Defendants intended and/or aimed to deny as many of those requests as possible, granting only those they believed could survive a potential legal challenge.

48. Ashworth believes that in administering the religious-exemption procedure to the COVID-19 vaccine mandate policy, the Main Line Defendants engaged in a pattern or practice of subjectively deciding which employees' sincerely-held religious beliefs warranted reasonable accommodation, and which ones did not.

49. The Main Line Defendants also granted medical exemptions to the COVID-19 vaccine mandate policy to similarly-situated registered nurses who worked for PAOLI HOSPITAL and at the other hospitals operated by the Main Line Defendants.

50. Ashworth believes that the Main Line Defendants engaged in a pattern or practice of treating religious exemption requests to the COVID-19 vaccine mandate policy less favorably than medical exemption requests.

51. Ashworth believes that the Main Line Defendants denied her an exemption from the COVID-19 vaccine mandate policy—and ultimately terminated her employment—because of and/or on the basis of her sincerely-held religious beliefs.

52. Granting Ashworth a religious exemption from the COVID-19 vaccine mandate, however, would not have worked an undue hardship to the Main Line Defendants.

53. Specifically, Ashworth had worked successfully—and safely—between March of 2020 and November 2021 without being vaccinated against COVID-19, while employing and practicing all the already-available safety and mitigation measures available to her (and every other employee of the Main Line Defendants), including utilizing Personal Protective Equipment, social distancing, and periodic testing.

54. After November 15, 2021, there was no reason why Ashworth could not continue working just as safely as she had been.

55. Moreover, the Main Line Defendants' COVID-19 vaccine mandate policy does not prevent infection and does not prevent transmission of the infection, as vaccination does not prevent an individual from subsequently contracting COVID-19, and its efficacy diminishes over time, especially with new variants of the virus.[2]

---

[2] Centers for Disease Control and Prevention Press Release (August 11, 2022 at 3:00 P.M., EST), available at https://www.cdc.gov/media/releases/2022/p0811-covid-guidance.html (last accessed October 19, 2022).

56. Since November of 2021, many fully-vaccinated registered nurses and other medical staff who work at the Main Line Defendants' hospitals, nevertheless contracted COVID-19.[3]

57. The Main Line Defendants discriminated against Ashworth on the basis of and/or because of her sincerely-held religious beliefs.

58. By failing and/or refusing to grant Ashworth an exemption to the COVID-19 vaccine mandate policy, the Main Line Defendants failed and/or refused to reasonably accommodate her sincerely-held religious beliefs.

59. Ashworth believes that the conduct of the Main Line Defendants set forth above, was intentional and/or willful.

60. As a direct and proximate cause of the Main Line Defendants' actions described above, Ashworth suffered a substantial loss of wages, benefits, and retirement-fund potential, which is ongoing, all to her great detriment and loss.

61. As a further direct and proximate cause of the Main Line Defendants' actions described above, Ashworth has suffered—and continues to suffer—from stress, emotional, and mental distress.

62. Ashworth seeks all the rights and remedies available to her under Title VII and its applicable regulations, including compensatory and punitive damages, declaratory and injunctive relief, attorneys' fees and costs, interest, delay damages, and costs of suit.

   WHEREFORE, Plaintiff, Sara Ashworth, respectfully requests for this Honorable Court to enter judgment in her favor and against Defendant, Main Line Hospitals, Inc., and Defendant, Main Line Health, Inc., jointly and/or severally, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000) for past lost wages and employment benefits, lost future wages and employment benefits, compensatory damages, punitive damages, as well as declaratory and injunctive relief, attorneys' fees and costs, interest, delay damages, and all other such relief that this Honorable Court deems necessary, proper, or just. ASHWORTH demands a jury trial.

Dated: 04-21-2023
SBARBARO LAW OFFICES, LLC
BY: s/ AARON B. GORODETZER
Aaron B. Gorodetzer, Esquire (Pa. Attorney ID No. 203384)
705 Gordon Drive
Exton, PA 19341
610-344-7300
610-441-7523 (fax)
Attorneys for Plaintiff

---

[3] See, e.g., Stephanie Farr, Main Line Health pauses elective surgeries and procedures amid a surge in COVID-19 cases, THE PHILADELPHIA INQUIRER, Jan. 2, 2022, available at https://www.inquirer.com/health/coronavirus/main-line-health-covid-stops-elective-surgeries-20220102.html?outputType=amp (last accessed October 19, 2022).